(No. 4272—

CHARLES A. SMALLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1951.*

McCONNELL, KENNEDY AND McCONNELL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Charles A. Smalley, seeks to recover from respondent under the Workmen's Compensation Act for an injury, which resulted from an accident that arose out of and in the course of his employment as a highway section man in the Division of Highways of the Department of Public Works and Buildings.

On August 17, 1949, claimant was one of a group assigned to prepare black-top mix at the Division of Highways storage lot in Chillicothe, Illinois. This was done by mixing weighed amounts of crushed rock in a

mechanical mixer. Claimant, who was weighing a wheelbarrowful of crushed rock on scales to which was attached a steel angle iron extending down each side of the scale, squatted down to read the balance arm of the scale. As he raised up, his left knee caught under the angle iron, and was severely wrenched.

Claimant continued to work until August 22, 1949, when the injury to his knee, which was painful, prevented him from straightening his knee. He reported to his superiors, and was sent to a specialist in orthopedics, who advised an operation on the knee.

Claimant continued to work until September 6, 1949, when he was admitted to the hospital, and the following day a torn semilunar cartilage was removed from his knee. He remained in the hospital for twelve days, and then returned to his home with a cast on his leg. He returned to work even while the cast was on his leg, and was totally and temporarily disabled for only a period of two weeks.

No jurisdictional questions have been raised, and the record shows compliance with all jurisdictional prerequisites on the part of claimant.

At the time of the hearing claimant's knee was still painful, and somewhat weak. There was some limitation of motion both in extension and flexion. His knee disclosed some crepitus and minor irritation in the joint, but there was no change in the bone pathology of the knee.

Claimant's physician and respondent's doctor both agree that there is some partial loss of use of claimant's left leg, and from the evidence, and the examination made by Commissioner Wise, we conclude that claimant has sustained a 15 per cent loss of use of his left leg.

On the date of his accident, claimant was 46 years of age, married, but had no children. Although he had worked for respondent less than a year, his salary had never been less than $203.00 per month, and under Section 10 of the Workmen's Compensation Act his earnings would have been sufficient to entitle claimant to the maximum rate of compensation, or $22.50 per week.

As stated above, claimant was totally and permanently disabled for a period of two weeks. He was paid his full salary during such time, or the sum of $104.54, when he should have been paid only $45.00. He was thus overpaid the sum of $59.54.

Respondent has furnished and paid for all medical and hospital bills, required to cure or relieve claimant from the effects of his injury, except Ace bandages required to be purchased by claimant costing $7.50.

Mary I. Reynolds, Peoria, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Wise. Her charges amounting to $53.50 are reasonable and customary, and an award is entered in her favor for such amount.

An award is entered in favor of claimant, Charles A. Smalley, under Section 8 (e) of the Workmen's Compensation Act for a 15 per cent loss of use of his left leg, or 28½ weeks at the rate of $22.50 per week, or the sum of $641.25, from which should be deducted the overpayment above referred to in the sum of $59.54, making a net award of $581.71, all of which has accrued and is payable forthwith.

An award is also entered in favor of claimant in the sum of $7.50 for Ace bandages under Section 8 (a) of the Workmen's Compensation Act.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.